# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LEONARD P. MACHULAS | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV413-248 |
| BARBARA N. LANIER, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Leonard P. Machulas has commenced an action in this Court against his former wife alleging that she invaded his "privacy," doc. 1 at 3, by filing motions in the Superior Court of Chatham County, Georgia asking that he be held in contempt and required to pay attorneys fees because of litigation abuse in that court. Doc. 4 at 1, 3, 4. Plaintiff references the Freedom of Information Act, 5 U.S.C. § 552, but that statute is obviously inapplicable as this case has nothing whatsoever to do with a request for information from a federal agency.

Plaintiff has failed to state any basis for this Court's jurisdiction over this matter, and thus his complaint should be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3) (requiring the Court to dismiss an

action "at any time that it lacks subject-matter jurisdiction"). Although plaintiff has paid the filing fee and thus is not proceeding under 28 U.S.C. § 1915, "[a] paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed *sua sponte* before service of process." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984); (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (court may at any time dismiss *sua sponte* a complaint for lack of subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion") (citing *Hagans*); *Wyke v. Polk Cnty. School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) ("Absent diversity of citizenship, a plaintiff must present a 'substantial" federal question in order to invoke a district court's jurisdiction."); *Marchese v. Apple Corp.*, 2012 WL 3821956 at *3 (N.D. Fla. Aug. 14, 2012) (citing *Hagans*);[1] *see also Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (a district court has inherent power to dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Jefferson*

---

[1] Although the Supreme Court recognized in *Hagans* that this "substantiality" doctrine is "'more ancient than analytically sound,'" it held that this standard remains "the federal rule." 415 U.S. at 538.

2

*Fourteenth Assocs. v. Woltco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (district courts have inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties).

Plaintiff has identified no conceivable basis for federal jurisdiction over his claim. It is true that the Supreme Court has recognized an unenumerated constitutional right to be free from certain *governmental* intrusions, into one's private affairs, *see Roe v. Wade*, 410 U.S. 113 (1973); *Griswold v. Connecticut*, 381 U.S. 479 (1965), but no provision of the Constitution -- enumerated or otherwise -- prohibits a litigant in a state civil action from referencing certain sensitive or embarrassing information about his or her litigation opponent. *See Carroll ex rel. Carroll v. Parks*, 755 F.2d 1455, 1456-57 (11th Cir. 1985) (the "Constitution does not create a blanket right of privacy for citizens" and does not afford a citizen the "right to be free from public embarrassment or damage to his reputation."). While the disclosure of sensitive, private information by plaintiff's former wife in the course of state litigation might conceivably violate some provision of state tort law or a state procedural rule, any right of privacy sounding in state law must be raised

before the state court where that litigation is pending.[2] As plaintiff concedes that his former spouse is a resident of this district, there is no diversity of citizenship that would permit the prosecution of a state claim before this Court under 28 U.S.C. § 1332.

There is no basis for federal jurisdiction over plaintiff's "privacy" claim, and thus this legally frivolous matter should be dismissed *sua sponte* prior to service of process. *See Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (complaint may be dismissed even before service of process where its legal theories are indisputably meritless).

**SO REPORTED AND RECOMMENDED** this __19th__ day of December 2013.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Under the *Rooker-Feldman* doctrine, this Court may not serve as "a forum for appealing state court decisions." *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988). If plaintiff is dissatisfied with any ruling he receives from the state court, he must appeal that ruling through the state system and ultimately to the United States Supreme Court. *Liedel v. Juvenile Ct. of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990).

4